# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**Case No.:** 23-1065V

* * * * * * * * * * * * *
AARON WOODARD, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: September 25, 2026

*Catherine W. Costigan,* Mctlaw, Washington, D.C., for Petitioner.

*Madylan L. Yarc,* Department of Justice, Washington, D.C., for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On July 12, 2023, Aaron Woodard filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered Guillain-Barre syndrome as a result of receiving an influenza vaccine on December 30, 2021. *Id.* A decision awarding damages to petitioner was issued on December 12, 2025. Decision on Damages (ECF No. 57).

Petitioner has now filed a motion for final award of attorney's fees and costs, requesting a total of $137,600.69 (representing $106,284.60 in fees and $31,315.99 in costs). Petitioner's Final Fees Motion ("Fees Mot."), filed June 11, 2026 (ECF No. 64). Respondent has reacted to the Motion, stating that he is satisfied the statutory requirements for a fees award are met in this matter

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the Decision will be posted on the Court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and requesting that I exercise my discretion in determining a reasonable award. Response, dated June 25, 2026 (ECF No. 65). Petitioner replied on July 1, 2026, asking for the full award of fees and costs originally requested and emphasizing that Respondent has not raised any specific objections. Petitioner's Reply (ECF No. 66).

Because Petitioner succeeded in this matter, he is entitled to a reasonable award of fees and costs. I have reviewed the billing records submitted with Petitioner's request. The hourly rates Petitioner is requesting for the attorneys and staff that worked on his case between 2022-26 are consistent with hourly rates previously awarded them, and shall be utilized herein. *See e.g. Streech v. Sec'y of Health & Hum. Servs.,* No. 24-1888V (Fed. Cl. Spec. Mstr. Apr. 27, 2026). Additionally, the time spent on this matter appears to have been reasonable. Therefore, fees will be awarded commensurate with what is requested, and with no adjustments.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Petitioner seeks $31,315.99 in costs, which include obtaining medical records, copying expenses, mailing expenses, and expert services from Dr. Melvin Berger. Fee Mot. Exhibit 122. Dr. Berger charged an hourly rate of $450.00 and performed 27 hours of work, totaling $12,289.35 in fees. *Id.* at 82. Petitioner has provided supporting documentation for all claimed costs. *See* Fee Mot. Ex. 122. Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby **GRANT** Petitioner's Fees Motion. **Petitioner is awarded the total amount of $137,600.59 (representing $106,284.60 in fees, and $31,315.99 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

**/s/ Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.